**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 0 6 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DANIELLE CRAIN, Individually and
on Behalf of All Others Similarly Situated**                           **PLAINTIFF**

This case assigned to District Judge ___Marshall___
and to Magistrate Judge___Kearney___

vs.                                              No. 4:20-cv-_245-DPM_

**ARKANSAS QUALITY THERAPY CO.,**                          **DEFENDANTS**
**COREY KIMBROUGH and TROOPER TOLBERT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Danielle Crain ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Sean Short and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against Defendants Arkansas Quality Therapy Co., Corey Kimbrough and Trooper Tolbert (collectively "Defendant" or "Defendants"), she does hereby state and allege as follows:

### I.    INTRODUCTION

1.    Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. §11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of Defendants' failure to pay Plaintiff and all others similarly situated an overtime premium as required by the FLSA and AMWA.

2.    Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the

FLSA as described, *infra.*

## II.    JURISDICTION AND VENUE

3.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.      The acts complained of herein were committed and had their principal effect against Plaintiff within the Central Division of the Eastern District of Arkansas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

6.      Plaintiff is a citizen and resident of Pulaski County.

7.      Separate Defendant Arkansas Quality Therapy Co. ("AQT"), is a domestic, for-profit corporation.

8.      Defendant AQT's registered agent for service is Corey Kimbrough at 1410 West Daisy Bates Drive, Little Rock, Arkansas 72202.

9.      Separate Defendant Corey Kimbrough ("Kimbrough") is an individual and resident of Arkansas.

10.     Separate Defendant Trooper Tolbert ("Tolbert") is an individual and resident of Arkansas.

11.     Defendants maintain a website at http://arkansasqualitytherapy.com/.

## IV.    FACTUAL ALLEGATIONS

15.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

16.    Defendant operates a disability care service in Little Rock.

17.    Kimbrough is an owner, principal, officer and/or director of AQT.

18.    Kimbrough manages and controls the day-to-day operations of AQT, including but not limited to the decision to not pay Plaintiff an overtime premium.

19.    Tolbert is an owner, principal, officer and/or director of AQT.

20.    Tolbert manages and controls the day-to-day operations of AQT, including but not limited to the decision to not pay Plaintiff an overtime premium.

21.    Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

22.    During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as vehicles, food, and medication.

23.    Defendant was Plaintiff's employer and the employer of the proposed collective within the meaning of the FLSA, 29 U.S.C. § 203(d) at all times relevant to this lawsuit.

24.    Plaintiff was employed by Defendant at Defendant's direct care service during the time period relevant to this lawsuit.

25.     At all times material hereto, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and AMWA

26.     Plaintiff was employed by Defendant as a Care Aide from August of 2019 until December of 2019.

27.     As a Care Aide, Plaintiff was primarily responsible for preparing meals for Defendant's clients, administering medication, and taking clients on errands.

28.     Plaintiff and other Care Aides worked as hourly, non-exempt employees at AQT.

29.     Defendant paid Plaintiff and other Care Aides an hourly rate for all hours worked.

30.     Plaintiff and other Care Aides regularly worked in excess of forty (40) hours per week.

31.     Defendant paid Plaintiff and other Care Aides their regular hourly rate for all hours worked, including hours worked in excess of forty (40) per week.

32.     Defendant did not pay Plaintiff and other Care Aides an overtime premium of one and one half (1.5) times their regular hourly rate for all hours worked in excess of forty (40) per week.

33.     Plaintiff and other Care Aides were required to drive their own personal vehicles on Defendant's behalf to take patients to doctor's appointments, to run errands, and any other places they needed to go.

34.     Plaintiff and other Care Aides drove approximately 40 to 80 miles each week.

35.     According to the Internal Revenue Service, the standard mileage rate for the use of a car during the relevant time periods has been as follows:

2017:  53.5 cents/mile
2018:  54.5 cents/mile
2019:  58 cents/mile
2020:  57.5 cents/mile

36.     Plaintiff and other Care Aides were reimbursed at a rate of 27 cents per mile for some of the miles driven in the course of their work for Defendant.

37.     Plaintiff and other Care Aides were not reimbursed at all for some miles driven in the course of their work for Defendant.

38.     Defendant did not sufficiently reimburse Plaintiff and other Care Aides for all gas, mileage and automobile expenses.

39.     Therefore, Plaintiff and other Care Aides consistently "kicked back" to Defendant an amount sufficient to cause additional overtime violations. 29 C.F.R. § 531.35

40.     Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Care Aides violated the FLSA and AMWA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

33.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

34.     At all relevant times, Plaintiff and all other similarly situated Care Aides have been entitled to the rights, protections and benefits provided by the FLSA and the AMWA.

35.     Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

36.    Plaintiff brings her FLSA claim on behalf of all hourly-paid Care Aides who were employed by Defendant at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.    An overtime premium for all hours worked in excess forty (40) in a week;

B.    Liquidated damages; and

C.    Attorneys' fees and costs.

37.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file her written Consent to Join this lawsuit.

38.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

39.    The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.    They were classified as non-exempt from the overtime requirements of the FSLA and paid an hourly rate;

B.    They were subject to Defendant's common policy of failing to pay an overtime premium for hours worked in excess of forty (40) per week;

C.    They had the same or substantially similar job duties; and

D.    They recorded their time the same way.

40.    Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds twenty (20) persons.

41.    Defendant can readily identify the members of the Section 16(b) Collective. The names and physical addresses, email addresses and phone numbers of the FLSA

collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

42.     At all relevant times, Defendant directly hired members of the FLSA Collective to work for its disability care service, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

43.     At all relevant times, each member of the FLSA Collective regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

## VI.     FIRST CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

44.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

45.     This is a collective action filed on behalf of all hourly-paid care Aides employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for unpaid overtime wages because they were not paid a rate of one and one half (1.5) times their regular rate for hours worked in excess of forty (40) per week.

46.     Plaintiff brings this action on behalf of herself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

47.    At all relevant times, Plaintiff and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

48.    At all relevant times, Plaintiff and all similarly situated employees have been "employees" of Defendant, as defined by 29 U.S.C. § 203(e).

49.    At all relevant times, Defendant was an "employer" of Plaintiff and all other similarly situated employees, as defined by 29 U.S.C. § 203(d).

50.    29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

51.    Defendant classified Plaintiff and all similarly situated employees as non-exempt from the requirements of the FLSA.

52.    Defendant failed to pay Plaintiff and all similarly situated employees an overtime premium for hours worked in excess of forty (40) per week.

53.    Because these employees are similarly situated to Plaintiff, and are owed compensation for the same reasons, the proposed collective is properly defined as follows:

**All hourly Care Aides who worked more than forty**
**hours in any week within the past three years.**

54.    At all relevant times, Defendant willfully failed and refused to pay Plaintiff and all other similarly situated employees a proper overtime premium under the FLSA because Defendant paid Plaintiff and other similarly situated employees their regular hourly rate for all hours worked over forty (40) in a week.

55.    Defendant's violations entitle Plaintiff and all other similarly situated employees to compensatory damages calculated as the full amount of overtime wages

owed.

56.     Defendant's violations entitle Plaintiff and all other similarly situated employees to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

57.     Plaintiff and all other similarly situated employees are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VII.    SECOND CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

58.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

59.     At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

60.     At all relevant times, Plaintiff has been an "employee" of Defendant as defined by 29 U.S.C. § 203(e).

61.     At all relevant times, Defendant was an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

62.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

63.     Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

64.     Defendant failed to pay Plaintiff an overtime premium as required under the FLSA.

65.     At all relevant times, Defendant willfully failed and refused to pay Plaintiff a

proper overtime premium under the FLSA because Defendant paid Plaintiff her regular hourly rate for all hours worked over forty (40) in a week.

66.     Defendant's violations entitle Plaintiff to compensatory damages calculated as the full amount of overtime wages owed.

67.     Defendant's violations entitle Plaintiff to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

68.     Plaintiff is entitled to an award of her attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of AMWA)

69.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

70.     At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the AMWA.

71.     At all relevant times, Plaintiff has been an "employee" of Defendant, as defined by Ark. Code Ann. § 11-4-203(3).

72.     At all relevant times, Defendant was an "employer" of Plaintiff as defined by Ark. Code Ann. § 11-4-203(4).

73.     Defendant failed to pay Plaintiff an overtime premium as required under the AMWA.

74.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

75.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's

fees provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

76.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages described above pursuant to Ark. Code Ann. § 11-4-218.

77.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Danielle Crain, individually and on behalf of all others similarly situated, respectfully requests this Court grant the following relief:

A.     That each Defendant be summoned to appear and answer herein;

B.     That Defendant be required to account to Plaintiff, the collective members and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C.     A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D.     A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the related

regulations;

E.     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

F.     Judgment for damages for all unpaid back wages at the proper overtime rate owed to Plaintiff and members of the collective from a period of three (3) years prior to this lawsuit through the date of trial under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

G.     Judgment for damages for all unpaid back wages at the proper overtime rate owed to Plaintiff and members of the collective from a period of three (3) years prior to this lawsuit through the date of trial under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the related regulations;

H.     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

i)     Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations;

I.     An order directing Defendant to pay Plaintiff and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

J.     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**DANIELLE CRAIN, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DANIELLE CRAIN, Individually and**                                    **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.                                        No. 4:20-cv-____

**ARKANSAS QUALITY THERAPY CO.,**                          **DEFENDANTS**
**COREY KIMBROUGH and TROOPER TOLBERT**

## CONSENT TO JOIN COLLECTIVE ACTION

    I was employed as an hourly worker for Arkansas Quality Therapy Co., Corey Kimbrough and Trooper Tolbert within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.



**DANIELLE CRAIN**
March 6, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**