IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DANIELLE CRAIN, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 4:20-cv-245-DPM

**ARKANSAS QUALITY THERAPY CO., COREY**     **DEFENDANTS**
**KIMBROUGH and TROOPER TOLBERT**

## JOINT MOTION TO DISMISS AND FOR SETTLEMENT APPROVAL

COME NOW Plaintiff Danielle Crain and Defendants Arkansas Quality Therapy Co., Corey Kimbrough, and Trooper Tolbert, by and through their undersigned counsel, and respectfully move this Court to review the Parties' Settlement Agreement, to enter an Order approving the Settlement as fair and reasonable, and to dismiss this action with prejudice. In support of this motion, the Parties state:

1. Plaintiff filed this action on 30 March, 2020, pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* and Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, *et seq. See* ECF No. 1. Plaintiff asserted that Defendants failed to pay Plaintiff a proper overtime premium for hours worked in excess of forty per week as required by the FLSA and AMWA. Plaintiff also sought liquidated damages and attorneys' fees. *Id.* Defendants asserted that Plaintiff was properly compensated for all hours worked, including overtime pursuant to the FLSA and AMWA. *See* ECF No. 8. A *bona fide* dispute exists between Plaintiff and Defendants.

2. During the course of this litigation, the Parties engaged in informal discovery regarding Plaintiff's attendance and pay records. Using these records, the

Page 1 of 7
Danielle Crain, et al. v. Arkansas Quality Therapy Co., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-245-DPM
Joint Motion to Dismiss and for Settlement Approval

Parties were able to arrive at an estimate of Plaintiff's damages, assuming her allegations as true for the limited purpose of settlement.

3. Following negotiations between counsel, the Parties have entered into a Settlement Agreement and Release (the "Settlement"), which resolves the litigation in full and requests dismissal of the above-captioned action with prejudice.

4. Circuits are split on whether a private settlement of an FLSA claim requires court approval. Compare *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (enforcing a settlement that was reached without judicial or Department of Labor approval), with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding FLSA settlements require approval from the district court or Department of Labor), and *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (same). The Eighth Circuit has yet to decide this issue. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) (citing *Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008) (acknowledging that there are only two exceptions to the rule that FLSA claims cannot be waived, one of which is entry of a stipulated judgment by a district court in a private lawsuit under Section 216(b) of the FLSA)).

5. There are courts in both the Eastern and Western Districts of Arkansas that have concluded that courts are not required to review a settlement under the FLSA where, as here, "(1) the lawsuit is not a collective action; (2) all individual plaintiffs were represented by an attorney from the time of the filing of the complaint through the conclusion of subsequent settlement negotiations; and (3) all parties have indicated to the Court in writing through their attorneys that they wish for their settlement agreement to remain private and that they do not wish for any reasonableness review of their

Page 2 of 7
Danielle Crain, et al. v. Arkansas Quality Therapy Co., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-245-DPM
Joint Motion to Dismiss and for Settlement Approval

settlement to occur." *Schneider v. Habitat for Humanity Int'l, Inc.*, No. 5:14-cv-5230-TLB, 2015 U.S. Dist. LEXIS 14679, at *7 (W.D. Ark. Feb. 5, 2015) (Brooks, J.); *see also* Order at 1-2*, Dennis v. Schell & Kampeter, Inc.*, No. 5:19-cv-296-LPR (E.D. Ark. 2020), ECF No. 34 (dismissing case with prejudice without review after collective was decertified); Order, *Kay v. Cactus Jacks,* No. 4:19-cv-053-LPR (E.D. Ark. Feb. 14, 2020), ECF No. 16 (dismissing case with prejudice without review based upon the parties' stipulation in light of *Schneider*); Order, *Marshall v. United Inv. Solutions, Inc.*, No. 4:18-cv-761-JM (E.D. Ark. Jan. 16, 2019), ECF No. 5 (dismissing case with prejudice without review based upon the parties' stipulation); *Willer v. Ark. Cty. Cty.-Op*, No. 4:17-cv-408-BSM, 2018 U.S. Dist. LEXIS 193793, at *1–2 (E.D. Ark. Nov. 14, 2018) (Miller, J.) (dismissing case without reasonableness review because three factors from *Schneider* were met); *Adams v. Centerfold Entm't Club, Inc.*, No. 6:17-cv-6047-SOH, 2018 U.S. Dist. LEXIS 187750, at *2–3 (W.D. Ark. Nov. 2, 2018) (Hickey, J.) (same); *Perez v. Garcia*, No. 4:16-cv-81-KGB, 2016 U.S. Dist. LEXIS 165788, at *2 (E.D. Ark. Dec. 1, 2016) (Baker, J.) (same) (citing *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 256 (5th Cir. 2012)).

6. However, again, the Eighth Circuit has not conclusively decided this issue, and other district courts in the Eighth Circuit have reached alternative conclusions. Therefore, the Parties respectfully request that the Court review and approve the settlement agreement out of an abundance of caution.

7. Despite uncertainty under the law regarding whether judicial approval is required, the Settlement is contingent upon the Court's review and approval of it. Accordingly, a copy of the Settlement is attached hereto as Exhibit 1.

Page 3 of 7
**Danielle Crain, et al. v. Arkansas Quality Therapy Co., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-245-DPM**
**Joint Motion to Dismiss and for Settlement Approval**

8. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.,* 679 F.2d at 1353. A district court may approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Okada v. Eagle's HVAC, LLC*, No. 2:16-CV-02245, 2017 U.S. Dist. LEXIS 205376, at *3 (W.D. Ark. Dec. 14, 2017) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1353, n.8).

9. If the proposed settlement is a reasonable compromise of contested issues, the court should approve the settlement:

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

10. Here, the settlement between the Parties represents a fair and equitable compromise of bona fide wage and hour disputes. Plaintiff alleged that Defendants did not pay Plaintiff a proper overtime premium for hours worked in excess of 40 per week. In addition, Plaintiff claimed that Defendants did not adequately reimburse Plaintiff for all miles driven in the course of her work with Defendants. Defendants deny any liability or wrongdoing of any kind and affirmatively state that they complied with all applicable federal and state laws.

Page 4 of 7
**Danielle Crain, et al. v. Arkansas Quality Therapy Co., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-245-DPM**
**Joint Motion to Dismiss and for Settlement Approval**

11. The Settlement was reached during formal litigation by experienced counsel representing both Parties. The Parties also engaged in settlement negotiations conducted by opposing counsel at arms' length. The Parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement. The Parties understand that, inherent to litigation, there are uncertainties and risks. The Parties understand the expense associated with further pleadings, a trial, and, potentially, an appeal. This decision included evaluating the likelihood of prevailing on the merits of their claims and defenses, as well as the amount of any additional fees and costs that would be incurred as a result of further litigation and the amount of additional fees and costs that will be incurred as a result of winding up this settlement.

12. Plaintiff and her counsel have considered the potential value of her claims and concluded that the proposed settlement provides a fair and reasonable resolution of the claims. Defendant supports this result because it eliminates the uncertainties, risks, and cost of further litigation and appeals, despite Defendant's denial of the claims. Based on the documents provided in informal discovery, Plaintiff is receiving an amount that approximates what she would have demanded at trial, including liquidated damages.

13. Under the FLSA, an award of reasonable attorneys' fees and costs to prevailing plaintiffs is mandatory. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Collins v. Barney's Barn, Inc.*, Case No. 4:12-cv-685-SWW (E.D. Ark. 10/16/2014) ("An award of attorney's fees and costs to the prevailing employee is mandatory under § 216(b), but the amount

Page 5 of 7
Danielle Crain, et al. v. Arkansas Quality Therapy Co., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-245-DPM
Joint Motion to Dismiss and for Settlement Approval

of the award is within the discretion of the court."). A stipulated agreement of attorney fees in private settlement is afforded more deference than in a disputed case. *See Melgar v. OK Foods, Inc.*, 902 F.3d 775, 778–80 (8th Cir. 2018) ("where the parties have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of the attorneys' fees."). Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation, and 29 U.S.C. § 216 "does not require approval of settled attorney fees." *Barbee*, 927 F.3d at 1027. Nevertheless, a district court does retain the authority to ensure that the attorneys' fees were "negotiated separately and without regard to the plaintiff's FLSA claim, and there was no conflict of interest between the attorney and his or her client." *Id.* at 1027 n.1.

14. Counsel for Plaintiff have incurred case costs and fees exceeding the amount they are to receive under the Settlement, litigating this case from the Complaint to drafting a Motion for Certification, informal discovery, calculation of damages, and settlement negotiations. Further, the attorney's fees were negotiated completely separate and apart from Plaintiff's damages, and in no way lessened the amount she was to receive under the Settlement.

15. Accordingly, Plaintiff and Defendants jointly seek dismissal, with prejudice, of Plaintiff's claims in this action. The Parties further request that following the Court's approval of the Settlement Agreement, the Court dismiss the above-styled action with prejudice.

WHEREFORE, Plaintiff and Defendants request that the Court enter an order dismissing with prejudice this lawsuit in its entirety and approving the Settlement, and for all other relief to which they may be entitled.

Page 6 of 7
Danielle Crain, et al. v. Arkansas Quality Therapy Co., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-245-DPM
Joint Motion to Dismiss and for Settlement Approval

Respectfully submitted,

**PLAINTIFF DANIELLE CRAIN, Individually and on Behalf of All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway
Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**and**   **ARKANSAS QUALITY THERAPY CO., COREY KIMBROUGH and TROOPER TOLBERT, DEFENDANTS**

BARBER LAW FIRM PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, Arkansas 72201
Telephone: (501) 372-6175
Facsimile: (501) 375-2802

*/s/ James D. Robertson*
James D. Robertson
Ark. Bar No. 95181
jrobertson@barberlawfirm.com

S. Brent Wakefield
Ark. Bar No. 99144
brent.wakefield@barberlawfirm.com

**Page 7 of 7**
**Danielle Crain, et al. v. Arkansas Quality Therapy Co., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-245-DPM**
**Joint Motion to Dismiss and for Settlement Approval**